*original filed 3/15/07

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. MARTIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER DEVERIES, et al.,<br><br>    Defendants. | No. C 05-5142 JF (PR)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE; GRANTING REQUEST FOR COPY OF COMPLAINT<br><br>(Docket Nos. 5, 6) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff has filed a motion to appoint counsel and a request for a copy of his complaint. The Court will DENY Plaintiff's motion for appointment of counsel (docket no. 6) without prejudice and GRANT Plaintiff's request for a copy of his complaint (docket no. 5).

\\\

\\\

\\\

\\\

**DISCUSSION**

Plaintiff has filed a motion to appoint counsel. Plaintiff contends that appointment of counsel is necessary because he is indigent, he cannot afford to hire counsel and the issues involved are complex. Plaintiff maintains that because he is incarcerated it is difficult for him to litigate this case. See Plaintiff's Mot. at 1-2.

However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

As the Court has not reviewed the merits of Plaintiff's complaint to determine whether the claims are cognizable under 28 U.S.C. § 1915, the Court concludes that appointment of counsel is not necessary at this time. Accordingly, Plaintiff's motion for appointment of counsel (docket no. 6) is DENIED without prejudice. Plaintiff may renew his request for counsel at a later stage of the proceedings, if appropriate.

**CONCLUSION**

Plaintiff's motion to appoint counsel (docket no. 6) is DENIED without prejudice. Plaintiff's request for a copy of his complaint (docket no. 5) is GRANTED. A copy of the complaint is enclosed with this order. No further requests for copies will be granted unless Plaintiff submits the enclosed copy request form attached to this order to the Clerk and pays $.50 per page in advance. The Court will review Plaintiff's complaint in a separate written order.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   3/14/07

JEREMY FOGEL
United States District Judge

1 A copy of this ruling was mailed to the following:

2

3 Ronnie S. Martin
T-64750
Salinas Valley State Prison
4 P.O. Box 1060
Soledad, CA  93960-1060

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Motion to Appoint Counsel Without Prejudice; Granting Request for Copy of Complaint
P:\pro-se\sj.jf\cr.05\Martin142denatty           4