NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. MARTIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER<br>DEVERIES, et al.,<br><br>    Defendants. | No. C 05-5142 JF (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; INSTRUCTIONS TO CLERK<br><br>(Docket Nos. 9, 13, 29) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court ordered service of the complaint on October 9, 2007. On March 22, 2007, Plaintiff filed a motion to amend his complaint regarding his requested relief for damages. Because Plaintiff filed his request to amend prior to the Court's order of service, Plaintiff's motion to amend his requested relief for damages (docket no. 9) is GRANTED. The Clerk shall send Defendants' counsel a copy of the amended requested relief for damages (docket no. 9).

Plaintiff has filed two motions for appointment of counsel. Plaintiff requests appointment of counsel in order to obtain discovery regarding the Daily Movement Sheet of inmates in order to verify statements regarding his claims. As stated in the Court's previous order denying appointment of counsel, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

The Court notes that Defendants have filed a motion to dismiss the instant complaint. Plaintiff's discovery requests concern his substantive claims in the complaint and do not appear relevant to the issues presented in the pending motion to dismiss. Here, the Court finds that Plaintiff has aptly presented his claims so far and that appointment of counsel is not necessary at this time in order to pursue Plaintiff's discovery requests. Accordingly, Plaintiff's motions for appointment of counsel (docket nos. 13, 29) are DENIED without prejudice.

**CONCLUSION**

Plaintiff's motion to amend his requested relief for damages (docket no. 9) is GRANTED. The Clerk shall send Defendants' counsel a copy of the amended requested relief for damages (docket no. 9). Plaintiff's motions for appointment of counsel (docket nos. 13, 29) are DENIED without prejudice. The Court will review the pending motion to dismiss and additional pending motions in a separate written order. The Court notes that Plaintiff need not file any further discovery requests until the Court has ruled upon the pending motions.

It is Plaintiff's responsibility to prosecute this case. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel. Plaintiff must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/17/08

JEREMY FOGEL
United States District Judge