NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE S. MARTIN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEVERIES, et al.,<br><br>　　　　Defendant(s). | No. C 05-05142 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS UNDER 28 U.S.C. § 1915(g); ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 13, 15, 23, 24, 26, 27, 29, 37, 40, 41 and 49) |

　　　　Plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleged that Defendants: 1) violated his Eighth Amendment rights by acting with deliberate indifference to his safety; and 2) violated his First Amendment right to file a grievance and impeded his access to the courts by failing to process his administrative appeal. This Court found the complaint, liberally construed, stated cognizable claims under § 1983 and by order filed October 9, 2007, ordered Defendants be served with the complaint. Plaintiff filed a motion to proceed in forma pauperis which this Court granted. (Docket No. 7)

　　　　Defendants filed a motion to revoke Plaintiff's in forma pauperis status and

dismiss the complaint on the grounds that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). (Docket No. 40) Defendants request the Court to take judicial notice of the documents submitted in support thereof. (Docket No. 41) Plaintiff filed an opposition to Defendants' motion to dismiss, and Defendants filed a reply.

## DISCUSSION

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. See Ashley, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had

repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a pro se prisoner facing a § 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone unchallenged. See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998) (same). Plaintiff has the burden of proving that he is in imminent danger of serious physical injury.

B.   Plaintiff's Prior "Strikes"

Defendants allege that plaintiff has filed, while incarcerated, at least three actions that were dismissed on the basis that they were frivolous, malicious, or failed to state claim, and set forth the following cases: 1) Martin v. Tzakis, No. 04-CV-00959-UA (C.D. Cal. Sept. 20, 2004) (hereafter "Tzakis"); 2) Martin v. Arballo, No. 03-CV-05410-UA-FMO (C.D. Cal. Aug. 11, 2003) (hereafter "Arballo"); 3) Martin v. Thompson, No. 03-CV-04457-JF (N.D. Cal. Mar. 7, 2005) (hereafter "Thompson"); and 4) Martin v. Kates, No. 03-CV-04051-JF (N.D. Cal. Mar. 8, 2004) (hereafter "Kates"). (Defs.' Mot. to Dismiss at 3-6.) Defendants assert that the court denied Plaintiff in forma pauperis status in Tzakis because the action was "[l]egally and/or factually patently frivolous." (Defs.' Req. for Jud. Notice, Ex. A.)

1    Defendants argue that the court in Arballo found the complaint failed to allege any
2    civil rights claims under 42 U.S.C. § 1983, which resulted in the termination of the
3    case. (Defs.' Req. for Jud. Notice, Ex. B.) According to Defendants, Thompson
4    was dismissed with prejudice for failure to state a cognizable claim under § 1983.
5    (Defs.' Req. for Jud. Notice, Ex. C.) Lastly, Defendants argue that Kates, which
6    was dismissed for failure to exhaust administrative remedies, should also count as a
7    strike under § 1915(g). (Defs.' Req. for Jud. Notice, Ex. D.)

8    Plaintiff denies generally that Tzakis and Arballo were dismissed for failure
9    to state a claim and that these cases should not count as strikes. (Pl.'s Opp. at 1-2.)
10   Plaintiff concedes that Thompson may count as a strike. (Id. at 3.) Lastly, Plaintiff
11   claims that Kates was dismissed without prejudice and should not count as a strike.
12   (Id. at 2-3.)

13   This Court grants Defendants' request for judicial notice of the court
14   documents provided in support of their motion to dismiss on the grounds that
15   Plaintiff is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).
16   (Docket No. 41.) It is clear from the relevant documents that Plaintiff had three
17   complaints dismissed on the grounds that they were frivolous, malicious, or failed to
18   state a claim upon which relief may be granted: 1) Plaintiff's claims in Tzakis were
19   ultimately found to be "[l]egally and/or factually patently frivolous" and thereupon
20   dismissed,[1] (Defs.' Req. for Jud. Notice, Ex. A at 4); 2) the court found in Arballo
21   that the complaint failed to state a claim under § 1983 as there was "no state action,"
22   (Defs.' Req. for Jud. Notice, Ex. B); and 3) this Court dismissed Thompson with
23   prejudice for failure to state a cognizable claim under § 1983, (Defs.' Req. for Jud.
24   Notice, Ex. C). Plaintiff provides no evidence to the contrary. Because these three
25   cases are sufficient to warrant a § 1915(g) dismissal, it is unnecessary for this Court

---

[1] The magistrate judge's comments in making a recommendation to the district judge to deny Plaintiff's in forma pauperis application stated, "[Plaintiff] is seeking to appeal adverse ruling in state courts (trial, appellate, and supreme court) which is not authorized." (Defs.' Req. for Jud. Notice, Ex. A at 4.)

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.05\Martin142_grant-mtd.wpd            4

1  to determine whether <u>Kates</u> should count as a strike as well.  Accordingly, the
2  instant complaint must be dismissed pursuant to § 1915(g) unless Plaintiff can show
3  that he was in imminent danger of serious physical injury at the time the complaint
4  was filed.

5  C.     <u>Imminent Danger of Serious Physical Injury</u>

6  Plaintiff has the burden of proving that he is in imminent danger of serious
7  physical injury at the time he filed the complaint.  The incidents that gave rise to the
8  instant complaint was when Plaintiff's cell-mate attacked him on August 31, 2005,
9  and the administrative appeals that followed.  Plaintiff filed the complaint nearly
10 four months later on December 12, 2005.  In his opposition, Plaintiff asserts that the
11 Court's determination that he had cognizable claims under the First and Eighth
12 Amendments supports the finding that he was in imminent danger.  (Pl.'s Opp. at 4.)
13 Plaintiff is mistaken.  The Court did not address the issue of whether Plaintiff was in
14 imminent danger of serious physical injury at the time he filed the complaint.
15 Having now reviewed Plaintiff's complaint on this issue, the Court finds Plaintiff
16 has failed to make any allegations therein that he was in imminent danger at the time
17 he filed the complaint, which was filed several months after the attack had occurred.
18 <u>See</u> <u>Abdul-Akbar</u>, 239 F.3d at 312.  Nor do Plaintiff's claims give rise to an
19 inference of an ongoing danger as this attack appears to have been an isolated
20 incident.  <u>Id.</u> at 315 n.1.  Having failed to meet his burden, Plaintiff is not entitled to
21 the exception under § 1915(g) to avoid dismissal without prejudice by Defendants'
22 motion.  Plaintiff may still pursue his claims if he pays the full filing fee at the outset
23 of a newly filed action.

**CONCLUSION**

26 For the reasons stated above:
27 1.     Defendants' motion to dismiss (Docket No. 40) is GRANTED.  This
28 action is DISMISSED without prejudice to refiling if Plaintiff pays the filing fee.

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.05\Martin142_grant-mtd.wpd          5

1    2.   The order granting Plaintiff leave to proceed in forma pauperis entered
2  March 14, 2007, is vacated.
3    3.   Defendants' motion to stay discovery (Docket No. 49) is DENIED as
4  moot.
5    4.   Plaintiff's motions for appointment of counsel (Docket Nos. 13 & 29),
6  motions for subpoena (Docket Nos. 15 & 23), motion to expand discovery (Docket
7  No. 24), motions for entry of default judgment (Docket Nos. 26 & 27), and motion
8  for in camera review (Docket No. 37) are DENIED as moot.
9    This order terminates dockets 13, 15, 23, 24, 26, 27, 29, 37, 40, 41 and 49.
10   SO ORDERED.

DATED: 6/12/08

JEREMY FOGEL
United States District Judge

Order Granting Motion to Dismiss; Addressing Pending Motions
P:\PRO-SE\SJ.JF\CR.05\Martin142_grant-mtd.wpd        6